IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CATHERINE E. TURNER,

        Plaintiff,

v.                                                                                                    Civil Action No. 3:16-CV-17

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

**REPORT AND RECOMMENDATION**

**I.     SUMMARY**

      The Plaintiff, Catherine E. Turner, argues that the administrative law judge (ALJ) improperly determined the Plaintiff's mental impairments and her residual functional capacity (RFC). The Plaintiff cites examples and asks this Court to re-consider the evidence. As discussed more fully below, this Court, as required by law, will not re-weigh conflicting evidence but rather will review whether the decision is supported by substantial evidence. This Court finds that, despite contrary evidence cited by the Plaintiff, each of the challenged ALJ decisions are supported by substantial evidence. Therefore, the Court recommends that the Plaintiff's [ECF No. 32] Motion for Summary Judgment be denied and the Commissioner's [ECF No. 35] Motion for Summary Judgment be granted.

**II.    PROCEDURAL HISTORY**

      On January 20, 2014 the Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging a disability beginning August 9, 2013. R. 17. The Plaintiff's claim was denied initially on March 31, 2014 and again upon reconsideration on May 9, 2014. R. 17. Thereafter, the Plaintiff requested a hearing. R. 17. On August 25, 2015 Administrative Law Judge Geraldine H. Page held a video hearing from Roanoke, Virginia. R.

17. The Plaintiff appeared in Martinsburg, West Virginia and was represented by Percell Williams, a non-attorney representative. R. 17. On September 5, 2017 the ALJ issue a decision which was unfavorable to the Plaintiff. R. 14. The Appeals Council denied review. R. 1.

On February 12, 2016, the Plaintiff filed a *pro se* complaint in this Court to obtain judicial review of the Commissioner's decision denying her application. ECF No. 1.

## III. THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. *Id.* §§ 404.1520(f);

416.920(f).  If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences.  *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since August 9, 2013, the alleged onset date of the Plaintiff's disability.  R. 19.  At step two, the ALJ found that the Plaintiff had the following severe impairments: cervical spine degenerative disc disease, lumbar spine degenerative disc disease with radiculopathy, and obesity.  R. 19.  At the third step, the ALJ found that none of the Plaintiff's impairments met or medically equaled the severity of one of the listed impairments contained in the Listings.  R. 21.  The ALJ then determined that the Plaintiff had the following RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for two hours and sit for six hours in an eight-hour workday. She can occasionally climb ramps and stairs, balance, kneel, stoop, crouch, and reach overhead, but never crawl. She should avoid concentrated exposure to extreme temperatures. She should avoid exposure to hazardous machinery, working at unprotected heights, climbing ladders, ropes, scaffolds, or working on vibrating surfaces.

R. 21-22.

At step four, the ALJ determined that the Plaintiff was capable of performing her past relevant work as a procurement clerk.  R. 26.  Thus, the ALJ concluded that the Plaintiff was not disabled at step four and did not proceed to step five.

## IV. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by

substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

### C. The Pro Se Plaintiff

The Plaintiff is proceeding *pro se*, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, a court may not construct the Plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

### V. DISCUSSION

The Court construes the Plaintiff's Complaint as advancing two main arguments. First, there is not substantial evidence to support the ALJ's finding that the Plaintiff did not have a severe mental impairment. Second, there is not substantial evidence to support the Plaintiff's RFC as determined by the ALJ. The Court is unpersuaded by both arguments because the ALJ's decision is supported by substantial evidence.

### A. The Plaintiff's Mental Impairments

In evaluating the Plaintiff's mental impairments, the ALJ must determine the degree of functional limitations in four areas: (1) activities of daily living, (2) social functioning, (3) concentration, persistence, and pace, and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The ALJ uses a five-point scale when rating the functional limitations in activities of daily living, social functioning, and concentration, persistence, and pace: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). In determining episodes of decompensation the ALJ uses a four-point scale: none, one or two, three, four or more. 20 C.F.R. § 404.1520a(d)(1).

The Plaintiff argues that the ALJ improperly determined the degree of limitations for each of the four categories. The Court is unpersuaded by this argument because substantial evidence supports the ALJ's determination.

#### 1. Activities of Daily Living

The ALJ determined that the Plaintiff had mild limitations in activities of daily living. R. 20. In reaching this conclusion, the ALJ discussed that the Plaintiff "acknowledged feeding her dogs and giving them medicine, watching TV, bathing, using an IPad, checking Facebook, cooking, and vacuuming." R. 20. Moreover, the ALJ discussed that the Plaintiff performs other activities of daily living such as independent personal care, taking medications, preparing cereal and soup, using the microwave, folding clothes, going outside, and reading. R. 20.

The Plaintiff, however, argues that her limitations in this area were moderate or severe. ECF No. 32 at 3. The Plaintiff argues that the ALJ relied on activities that she actually had difficulty performing. For example, she has difficulty cooking, vacuuming, remembering to take

her medications, and going outside. *Id.* However, the Plaintiff's testimony supports the finding that she does in fact perform all of these activities. R. 42-46.

Furthermore, at this stage the ALJ was addressing the Plaintiff's mental impairments. However, much of the evidence that the Plaintiff struggles with any of these tasks is because of her physical rather than mental limitations. For example, she testified that she has trouble cooking because she cannot stand for long periods of time and has trouble bathing because she is susceptible to falls. R. 44-45. Thus, there is little, if any, evidence that the Plaintiff does not have the mental ability to perform these tasks. Therefore, there is substantial evidence to support the ALJ's determination and the Court will not re-weigh conflicting evidence.

Moreover, the Plaintiff takes issue with the ALJ's consideration of her use of Facebook as evidence. However, "[a]ssessment of functional limitations is a complex and highly individualized process that requires [the ALJ] to consider multiple issues and all relevant evidence. . . ." 20 C.F.R. § 404.1520a(c)(1). Thus, the Court finds no error in considering such evidence.

    2.    *Social Functioning*

The ALJ determined that the Plaintiff had mild limitations in social functioning. R. 20. The Plaintiff argues that she had at least moderate limitations in social functioning. ECF No. 32 at 3.

In reaching this determination, the ALJ relied on the Plaintiff's ability to check Facebook and shop at stores. R. 20. The Plaintiff argues that her ability to check Facebook should not have been considered because she uses in infrequently. However, as discussed above, any relevant evidence may be considered. She argues that her ability to shop at stores should not have been considered because she has difficulty driving to the stores because of issues with her

right leg. ECF No. 32 at 3. However, her leg issues are a physical limitation and do not affect her mental ability to shop at stores.

Moreover, the ALJ relied on the Plaintiff's adult function report. R. 20, 205-212. The Plaintiff's adult function report shows evidence of her ability to function socially. For example, her adult function report indicates that she has no issues getting along with family, friends, and neighbors. R. 210. Nor does she have trouble getting along with authority figures. R. 211. Furthermore, a State agency psychological/psychiatric consultant concluded that the Plaintiff had no restrictions in this area. R. 20, 280. Therefore, there is substantial evidence to support the ALJ's determination and this Court will not re-weigh conflicting evidence.

### 3. Concentration, Persistence, or Pace

The ALJ concluded that the Plaintiff had mild limitations in concentration, persistence, or pace. R. 20. In reaching this conclusion, the ALJ cited the Plaintiff's ability to feed her dogs, perform independent personal care, take medications, prepare cereal and soup, use the microwave, fold clothes, go outside daily, watch TV, read, and use Facebook. R. 20.

The Plaintiff now argues that some of these activities should not have been given weight because she in fact has difficulty with them. ECF No. 32 at 4. For example, she needs to use a white board to help her memory and she does not go outside daily as noted by the ALJ. However, all of the activities cited by the ALJ are supported by the Plaintiff's adult function report. R. 205-209. Moreover, the State agency psychological/psychiatric consultant concluded that the Plaintiff was within normal limits for persistence and pace and had only mild limitations with concentration. R. 280. Therefore, there is substantial evidence to support the ALJ's determination and this Court will not re-weigh conflicting evidence.

### 4. *Episodes of Decompensation*

The ALJ found that the Plaintiff had no episodes of decompensation. The Plaintiff argues that her depression has lasted since 2008 and should have been considered as an episode of decompensation. "[e]pisodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." *Proctor v. Colvin*, No. TMD 16-228, 2016 WL 6822477, at *8 (D. Md. Nov. 18, 2016) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(C)(4)[1]). The Plaintiff merely alleges that her depression has persisted and that she has had to continue to take new and higher doses of medicine. However, there does not appear to be any evidence of episodes of decompensation to the point where she has been unable to perform activities of daily living, maintain social function, or maintain concentration, persistence, or pace. Therefore, there is substantial evidence to support the ALJ's determination.

### B. **The Plaintiff's RFC is Supported by Substantial Evidence**

The Plaintiff argues that she is unable to work and asks this Court to reconsider certain evidence which shows that she cannot work. As explained above, this Court will not re-weigh or reconsider conflicting evidence but rather will determine whether the ALJ's determination is supported by substantial evidence. Therefore, the Court construes this argument as a challenging whether there is substantial evidence to support the RFC determined by the ALJ. The Court finds that there is substantial evidence to support each of the challenged determinations.

First, the Plaintiff argues that her spine issues caused a severe limitation. The Court is unpersuaded by this argument. Indeed, the ALJ extensively discussed medical evidence

---

[1] This section was updated in 2017 and removed the definition of decompensation. However, the previous version which is quoted here was in effect when this case was before the ALJ.

including opinions and imaging results. A large portion of the medical evidence cited by the ALJ shows only mild spinal issues. R. 22-23. For example, neurologist Dr. Crowe found that,

> Physical examinations revealed a forward leaning stance, somewhat limited neck range of motion, and ambulation with a cane with antalgic, slow, wide based gait. However, physical examinations were otherwise unremarkable revealing pleasantness, cooperativeness, no acute distress, alertness, orientation times three, 5/5 motor with normal hulk and tone, good strength everywhere including good grip and shoulder strength, the ability to sit without using her arms, intact sensation, and negative Romberg's sign.

R. 23. Furthermore, Dr. Mohandes noted that the Plaintiff improved with treatment and that she declined physical therapy and chiropractic treatment. R. 23, 283. Therefore, despite the evidence cited by the Plaintiff, there is substantial evidence to support the ALJ's determination.

Second, the Plaintiff argues that her arthritis in her spine is aggravated by her obesity. ECF No. 32 at 5. As discussed above, the ALJ properly analyzed the evidence of the Plaintiff's spinal issues. Therefore, even if the Plaintiff's obesity contributed to her spinal issues, there is substantial evidence to support the ALJ's determination.

Third, the Plaintiff provides examples that her headaches are more severe than the ALJ determined. *Id.* The Plaintiff's examples include needing to wear sunglasses indoors, working with the lights off, and needing to sleep during her lunch break because of headaches.[2] There is evidence that the Plaintiff experienced headaches, however, there is little, if any, evidence in the administrative record that the Plaintiff's headaches limited her ability to work. Indeed, the only evidence this Court found that the Plaintiff's headaches limited her ability to work is the Plaintiff's own testimony. And the ALJ determined that the Plaintiff was not entirely credible. R. 23. Therefore, the ALJ's determination not to include a limitation for headaches in the Plaintiff's RFC is supported by substantial evidence.

---

[2] The Plaintiff submitted along with her motion for summary judgment three witness statements attesting to the Plaintiff's headaches while at work. These witness statements were not submitted to the agency during the initial determination process and thus, are not a part of the administrative record.

Fourth, the Plaintiff argues that she cannot sit for 6 to 8 hours, kneel, or frequently carry 10 pounds as the ALJ found. ECF No. 32 at 5. The Plaintiff relies on the opinion of Colleen La Bree of Physiotherapy Associates. Indeed, Ms. La Bree's opinion found that the Plaintiff should only sit for 2 hours, avoid kneeling, and only occasional lift 10 pounds. R. 376. The ALJ discussed that Ms. La Bree's opinion is generally not supported by the medical evidence and further discussed two competing opinions:

> Dr. Lo indicated the claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently, and sit, stand, and walk for about six hours each in an eight-hour workday with postural and environmental limitations (Exhibit 1 A). By May 7 2014, State agency medical consultant, Dominic Gaziano, M.D. reviewed the medical evidence of record and affirmed the aforementioned assessment upon reconsideration (Exhibit 3A).

R. 24. Therefore, the two medical opinions supporting the ALJ's determination provide substantial evidence. And this Court will not re-weigh conflicting evidence.

Fifth, the Plaintiff asserts that she has a new impairment of sleep apnea. ECF No. 32-1 at 1. However, the Plaintiff provides no evidence supporting this assertion. Therefore, the Court will not consider this argument.

## VI. RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision did not comply with the applicable law and regulations. Accordingly, the Court **RECOMMENDS THAT**:

1. Plaintiff's [ECF No. 32] Motion for Summary Judgment be **DENIED**; and
2. Commissioner's [ECF No. 35] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 28, 2017                              */s/ James E. Seibert*
                                                   JAMES E. SEIBERT
                                                   U.S. MAGISTRATE JUDGE