**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CATHERINE ELAINE TURNER,**

    Plaintiff,

v.                                                               **CIVIL ACTION NO.: 3:16-CV-17
(GROH)**

**NANCY A. BERRYHILL,
Acting Commissioner of Social Security,**

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING IN PART REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 37] of United States Magistrate Judge James E. Seibert. Magistrate Judge Seibert issued his R&R on March 28, 2017, recommending that this Court deny the Plaintiff's Motion for Summary Judgment [ECF No. 32] and grant the Commissioner's Motion for Summary Judgment [ECF No. 35]. For the following reasons, Magistrate Judge Seibert's R&R is hereby **ADOPTED IN PART**.

**I. Background**

On January 3, 2014, the Plaintiff filed an application for a period of disability and disability insurance benefits alleging disability beginning on August 9, 2013. The Plaintiff's claim was initially denied on March 31, 2014, and again on May 9, 2014. At the Plaintiff's request, a hearing was held before the Administrative Law Judge ("ALJ") on August 25, 2015. Following the hearing, the ALJ found that the Plaintiff suffers from the following severe impairments: (1) cervical spine degenerative disc disease, (2) lumbar

spine degenerative disc disease with radiculopathy and (3) obesity. The ALJ determined that, although the Plaintiff suffers from various severe impairments and mild mental limitations, none—either on their own or in combination with one another—meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Upon calculating the Plaintiff's residual functional capacity ("RFC"), the ALJ determined that the Plaintiff is able to perform past relevant work as a procurement clerk—a position that does not require the performance of work-related activities that are precluded by the Plaintiff's RFC. In addition, the ALJ found additional jobs, which exist in significant numbers in the national economy, that the Plaintiff is able to perform. Accordingly, the ALJ rendered an unfavorable decision, finding the Plaintiff not disabled under the Social Security Act. On December 16, 2015, the Appeals Council denied the Plaintiff's request for review.

On February 12, 2016, the Plaintiff filed her complaint with this Court seeking review of the Commissioner's final decision. On February 6, 2017, the Plaintiff filed her motion for summary judgment. Thereafter, on February 24, 2017, the Commissioner filed her motion for summary judgment. On April 12, 2017, upon reviewing the pleadings and relevant materials in this case, United States Magistrate Judge James E. Seibert entered his R&R, recommending that the Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. The Plaintiff filed objections to the R&R on April 14, 2017. This case is now ripe for consideration.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of those portions of the magistrate judge's findings to which the Plaintiff objects. However, failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Magistrate Judge Seibert's R&R, objections were due within fourteen days after being served with a copy of the same. The Plaintiff timely filed objections on April 14, 2017.[1] Accordingly, the Court will review *de novo* the portions of the R&R to which the Plaintiff objects and the remainder of the R&R for clear error.

### B. Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner of the Social Security Administration to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390-402 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). A reviewing court must not reweigh the evidence or substitute its judgment for that of the Commissioner, so long as the Commissioner's decision is supported by substantial evidence. Hays, 907 F.2d at 1456. It is the duty of the ALJ—not the reviewing

---

[1] On April 12, 2017, the Plaintiff filed a motion for extension of time to file objections. ECF No. 39. However, two days thereafter—prior to the Court's ruling on the motion—the Plaintiff timely filed her objections.

court—to make findings of fact and resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations.").

### C. Evaluation Process

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds that the claimant is disabled or not disabled at a certain step, a determination is made and the ALJ does not proceed to the next step. Id. The steps are as follows:

> Step One: Determine whether the claimant is engaging in substantial gainful activity;
>
> Step Two: Determine whether the claimant has a severe impairment;
>
> Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;
>
> Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and
>
> Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, and after consideration of the entire record, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since August 9, 2013. The ALJ determined that the Plaintiff suffers from various severe impairments and mild mental limitations, but none that meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After conducting an RFC assessment, the ALJ concluded that the Plaintiff is able to perform past relevant work

4

and, additionally, is able to perform other jobs that exist in significant numbers in the national economy. As a result, the ALJ determined that the Plaintiff is not disabled under the Social Security Act.

### III. Discussion

Upon careful consideration of the record, the parties' motions and the R&R, the Court finds that the magistrate judge committed no clear error with regard to the portions of the R&R to which the Plaintiff does not object. Upon *de novo* review of the portions of the record to which objections are made, the Court finds that the ALJ's decision applies the correct legal standards and is supported by substantial evidence. The Court discerns seven separate objections by the Plaintiff and will review each in turn.

#### A. Severity of Impairments

The Plaintiff objects to the finding by the ALJ, and ratification by the magistrate judge, that not all of her impairments are severe. In her decision, the ALJ found that the Plaintiff suffers from three severe physical impairments: cervical spine degenerative disc disease, lumbar spine degenerative disc disease with radiculopathy and obesity. ECF No. 23-2 at 20. The ALJ found that the Plaintiff's remaining physical and mental impairments cause no more than minimal or mild limitations on work-related activities and thus characterized those impairments as non-severe. As indicated by the magistrate judge, there is substantial evidence within the record to support this conclusion. In regard to the Plaintiff's mental impairments of depression and anxiety, the ALJ found no more than mild limitation in all four functional areas. ECF No. 23-2 at 20-22. In so finding, the ALJ indicated that the Plaintiff feeds her dogs and provides them with medication, watches television, bathes herself, uses an iPad, checks Facebook, cooks, vacuums,

5

prepares cereal and soup, uses the microwave, folds clothes, goes outside daily and reads. ECF No. 23-2 at 21. The mental status examination by Dr. Harry Hood and determinations by state agency consultants, Drs. Pedro Lo and Dominic Gaziano, support the ALJ's finding that the Plaintiff's mental disabilities result in no more than a mild restriction on work-related activities. See ECF Nos. 23-3 at 2-24; 23-7 at 18-22. The Plaintiff disagrees with the weight the ALJ afforded to specific portions of the record. However, it is not within this Court's province to reweigh the evidence and because substantial evidence supports the ALJ's conclusion, the Plaintiff's objection is **OVERRULED**. See Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (unpublished per curiam).

### B. Limitation Due to Headaches

The Plaintiff argues that her headaches are more debilitating than the ALJ determined. Nevertheless, as observed by the magistrate judge, substantial evidence is within the record to support the ALJ's finding. Specifically, the ALJ noted, based upon the administrative record, that the Plaintiff's headaches improve depending on her medication regimen. ECF No. 23-2 at 24; see also ECF Nos. 23-8 at 12, 18, 20; 23-9 at 9. Moreover, the ALJ did not find the Plaintiff's subjective reports of the severity of her headaches to be entirely credible. ECF No. 23-2 at 26. Accordingly, because substantial evidence supports the ALJ's finding regarding the severity of the Plaintiff's headaches, the decision will not be overturned and the objection is **OVERRULED**.

### C. Plaintiff's Credibility

The Plaintiff takes issue with the ALJ's credibility determination. However, credibility determinations of hearing courts are afforded considerable deference. See

F.T.C. v. Ross, 743 F.3d 886, 894 (4th Cir. 2014); Salyers v. Chater, 107 F.3d 867, at *1 (4th Cir. 1997) (unpublished table decision) (citing Barker v. Shalala, 40 F.3d 789, 795 (6th Cir. 1994)).  Accordingly, an ALJ's credibility determination will be reversed "only if the claimant can show it was patently wrong." Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000) (internal quotation and citation omitted).  Here, the ALJ explained that she did not find the Plaintiff's allegations entirely credible because they were inconsistent with the objective findings in the medical evidence.  ECF No. 23-2 at 26.  A *de novo* review of the record supports this conclusion.  Accordingly, because the Plaintiff has not demonstrated that the ALJ's credibility determination is patently wrong, the Plaintiff's objection on the issue is **OVERRULED** and the ALJ's credibility determination stands.

### D. Opinions of Drs. Lo and Gaziano

The Plaintiff takes issue with the weight attributed to the opinions of state agency consultants Drs. Lo and Gaziano because they are not her treating physicians.  Generally, the ALJ must afford greater weight to the opinion of a treating physician than that of a non-treating physician.  Hurley v. Colvin, Civil Action No. 2:14-12131, 2015 WL 4253873, at *11-12 (S.D. W. Va. July 13, 2015).  Indeed, "a non-examining physician's opinion cannot by itself . . . serve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record."  Id. at 12 (internal quotation and citation omitted).  However, if a medical opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."  Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

Here, the ALJ considered all of the medical evidence, including findings of treating and non-treating physicians.  See ECF No. 23-2 at 23-27.  Notably, the opinions offered

7

by the state agency consultants do not contradict the findings of the Plaintiff's treating physicians. Moreover, the summation of the Plaintiff's abilities as provided by the state agency consultants corresponds to her own admissions throughout the record: she is able to care for pets, perform household tasks, fold clothes, vacuum, walk to the mailbox, go to the store, check Facebook, use an iPad, read, use the microwave and bathe. See ECF Nos. 23-2 at 45-46; 23-3 at 2-24; 23-6 at 11-18. In regard to the Plaintiff's mental impairments, the findings by the state agency consultants correspond with the prognosis by Dr. Hood, an examining psychologist. The ALJ largely relied upon Dr. Hood's findings, which included the Plaintiff's activities of getting up at 8:00 a.m., caring for pets, engaging in iPad activities, performing household chores, talking to her daughter on the telephone, making dinner and watching television. ECF No. 23-7 at 20. The state agency consultants agreed with Dr. Hood's findings that the Plaintiff suffers from unspecified depressive disorder and unspecified anxiety disorder, but that her mood is normal, her memory is within normal limits, her pace is within normal limits and her concentration is only mildly deficient. See ECF Nos. 23-2 at 25; 23-3 at 5-6, 17-18; 23-7 at 20. Accordingly, because the opinions of the non-examining state agency consultants are not contrary to but rather supported by the other evidence in the record as a whole, the Court **OVERRULES** the Plaintiff's objection.

  **E.** **New Evidence of Sleep Apnea**

The Plaintiff objects to the characterization of her sleep apnea as a "new impairment." ECF No. 40 at 2. However, the ALJ and magistrate judge did not reference sleep apnea as a new impairment and the record does not demonstrate that the Plaintiff suffers from such a disorder. The evidence throughout the record demonstrates that the

Plaintiff has difficulty sleeping, but no evidence was presented to the ALJ or the Appeals Council to demonstrate that the Plaintiff suffers from sleep apnea. See ECF Nos. 23-2 at 2-5; 23-3 at 5; 23-6 at 12; 23-7 at 19-21. In fact, the Plaintiff admitted during her testimony before the ALJ on August 25, 2015, that she underwent a sleep study but had not yet received the results. ECF No. 23-2 at 46.

A social security case may be remanded to the Commissioner on the basis of new evidence if (1) the evidence is relevant to the disability determination at the time the application was first filed; (2) the evidence is material such that the Commissioner's decision might reasonably have been different if the new evidence were reviewed; (3) there is good cause for the claimant's failure to submit the evidence while the case was before the Commissioner and (4) the claimant demonstrates the nature of the new evidence to the reviewing court. Miller v. Barnhart, 64 F. App'x 858, 859-60 (4th Cir. 2003) (unpublished per curiam) (citation omitted); Newman v. Colvin, No. 4:13-cv-00051, 2015 WL 1417051, at *6 (W.D. Va. Mar. 27, 2015). Here, the evidence is not relevant to the disability determination at the time it was first filed. The Plaintiff filed her claim on January 3, 2014, which was initially denied on March 31, 2014, and upon reconsideration on May 9, 2014. Following a hearing, the ALJ denied the Plaintiff's claim for benefits in a decision dated September 16, 2015. The Appeals Council denied the Plaintiff's request for review on December 16, 2015. It was not until she filed her objections to the R&R with this Court on April 14, 2017—more than one year and three months after the Appeals Council denied review—that the Plaintiff provided evidence of sleep apnea. The Plaintiff does not provide good cause for her failure to submit evidence of her sleep apnea condition in a timely manner. Indeed, the new evidence may have been material to the

ALJ's decision and the Plaintiff has demonstrated, by submitting documents to this Court in her objections, the nature of the new evidence. Nevertheless, because the new evidence is untimely and the Plaintiff does not provide good cause for its untimeliness, the objection is **OVERRULED**.

### F. Evidence Not Referenced by the ALJ

The Plaintiff objects to the ALJ not citing to every piece of evidence in the record. Absent evidence to the contrary, it must be presumed that the ALJ reviewed all of the materials in the record and presented by the Plaintiff. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered."); Brewer v. Astrue, 7:07-CV-24-FL, 2008 WL 4682185, at *3 (E.D.N.C. Oct. 21, 2008). Here, the Plaintiff does not indicate what pieces of evidence the ALJ failed to specifically address and, upon review of her decision, it is clear that the ALJ thoroughly reviewed and considered the entire administrative record. Therefore, because "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision," Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (internal quotation omitted and citation omitted), the Court **OVERRULES** this objection.

### G. R&R's Conclusion

Finally, the Plaintiff indicates that page eleven of the R&R concludes that "the ALJ's decision did not comply with the applicable law and regulations." ECF No. 37 at 11. The Court is cognizant that this statement is contrary to the other findings contained within the magistrate judge's recommendation. In particular, the magistrate judge recommends that this Court deny the Plaintiff's motion for summary judgment and grant

the Commissioner's motion for summary judgment, which would affirm the ALJ's underlying decision denying the Plaintiff social security benefits. Accordingly, because the Court finds this to be a mere technical error, and because the Court agrees with the other findings and recommendations of the magistrate judge, this objection is **OVERRULED**.

## IV. Conclusion

Although the Plaintiff disagrees with the denial of her disability claim, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the . . . ALJ." Craig, 76 F.3d at 589 (internal quotation and citation omitted). Accordingly, because substantial evidence supports the ALJ's decision, the Court **OVERRULES** the Plaintiff's objections [ECF No. 40] and **ORDERS** the Report and Recommendation [ECF No. 37] **ADOPTED IN PART** for the reasons more fully stated herein. The Court **ORDERS** the Commissioner's Motion for Summary Judgment [ECF No. 35] **GRANTED** and the Plaintiff's Motion for Summary Judgment [ECF No. 32] **DENIED**. The Court **ORDERS** the Plaintiff's motion for extension [ECF No. 39] **DENIED AS MOOT**.

The Court **ORDERS** this case **DISMISSED WITH PREJUDICE** and **DIRECTS** the Clerk to **STRIKE** this matter from the active docket, enter a separate judgment order in favor of the Defendant Commissioner and transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** June 28, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE